UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICKY GRAY,

          Plaintiff,

   v.

J. LEWIS, et al.,

          Defendants.

Case No. 16-cv-02863-PJH

**ORDER TO SHOW CAUSE**

    Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983.  Plaintiff has also filed an application to proceed in forma pauperis.

    The Prison Litigation Reform Act of 1995 ("PLRA"), provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  The phrase "fails to state a claim on which relief may be granted," as used in § 1915(g), "parallels the language of Federal Rule of Civil Procedure 12(b)(6)."  *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (internal quotation marks omitted).  A case is "frivolous" within the meaning of § 1915(g) if "it is of little weight or importance: having no basis in law or fact."  *Id.* (internal quotation marks omitted).  The court may count as strikes dismissals of district court cases as well as dismissals of appeals.  *See Rodriguez v. Cook*, 169 F.3d 1176, 1178 (9th Cir. 1999) (prisoner does not get three frivolous claims and three frivolous appeals before being barred by § 1915(g)).  A

dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claim if he pays the full filing fee at the outset of the action.

It appears that plaintiff has at least three strikes pursuant to § 1915(g):

    i.    *Gray v. Gomez*, No. 96-5106 (E.D. Cal. April 9, 1996), dismissed as frivolous.

    ii.    *Gray v. Doyle*, No. 02-2667 (C.D. Cal. April 9, 2002), dismissed as frivolous.

    iii.    *Gray v. Palmer*, No. 04-8354 (C.D. Cal. Nov. 4, 2004), dismissed for failure to state a claim.[1]

    iv.    *Gray v. Cogdell*, No. 09-2624 (N.D. Cal. Oct. 21, 2009), dismissed for failure to state a claim, affirmed on appeal in *Gray v. Cogdell*, No. 09-17454 (9th Cir. Dec. 27, 2010).

Plaintiff shall show cause by **June 29, 2016**, why this case should not be deemed three strikes barred and the application to proceed in forma pauperis denied. Failure to reply will result in dismissal.

**IT IS SO ORDERED.**

Dated: June 3, 2016

PHYLLIS J. HAMILTON
United States District Judge

\\candoak.cand.circ9.dcn\data\users\PJHALL\_psp\2016\2016_02863_Gray_v_Lewis_(PSP)\16-cv-02863-PJH-osc-p.docx

---

[1] The Ninth Circuit revoked plaintiff's in forma pauperis status on appeal after finding that he had three strikes relying on the first three cases discussed above. *Gray v. Zargoza*, No. 10-55983 (9th Cir. Sep. 14, 2010).

2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY GRAY,<br><br>   Plaintiff,<br><br>   v.<br><br>J. LEWIS, et al.,<br><br>   Defendants. | Case No. 16-cv-02863-PJH<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 3, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ricky Gray ID: C-32622
2-A3-04
Corcoran State Prison
P. O. Box 715071 -2-A3-04
Represa, CA 95671

Dated: June 3, 2016

Susan Y. Soong
Clerk, United States District Court

By:_____
Nichole Peric, Deputy Clerk to the
Honorable PHYLLIS J. HAMILTON

3